FOUCHER
v.
CHOPPIN.

---

## UNION BANK OF TENNESSEE v. BULLITT, MILLER & Co.

In cases of insolvency all the ordinary debts, even those not due, are on an equality and must be paid proportionally.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Chas. E. Fenner* for plaintiff. *Henry C. Miller* for defendant Miller.

LABAUVE, J. The defendants are sued for $3,107 74, balance due on three bills of exchange drawn by Matthews, Finlay & Co. of New Orleans, on Finlay, Kissam & Co. of New York, to the order of and endorsed by the firm of the defendants, Bullitt, Miller & Co. One of them, for $2112 30, was accepted by the drawees and protested for non-payment. The other two, for $1,056 15 each, were protested for non-acceptance and non-payment, all of the same date, 14th October, 1854, payable, the one for $2,112 30 in 60 days, and the other two in 70 days from date.

The defendants answered first by a general denial; in supplemental answers they claim to have been discharged from all the bills. They also allege that plaintiffs have received various sums from L. A. Finlay, the syndic of the creditors of said Matthews, Finlay & Co., as stated in the account annexed to plaintiffs' petition, as follows, to wit: $473 10 on the 16th November, 1855; $319 20 on the 14th November, 1856; $375 on the 23d June, 1859; and $51 72 on the 21st October, 1859, which were dividends accorded to them from the property surrendered by said Matthews, Finlay & Co., the drawers, and for which they were placed upon the tableau of distribution. That said drawers, Matthews, Finlay & Co., had made a surrender of their property on the 6th December, 1854, and the said bills of exchange were stated as composing part of their obligations, and plaintiffs were placed as creditors for said amount of said bills. That Finlay, Kissam & Co., acceptors of the bill for $2,112 30, made an assignment of their property in New York, on the 10th February, 1855. That the plaintiffs received from their assignee $844 92, being 40 per cent., as a dividend upon said bill of exchange due by said acceptors, and in consideration of said receipt and one dollar, said plaintiffs released and discharged the said acceptors on the 11th April, 1855; and that by said discharge of said acceptors, respondents are also released as endorsers.

Judgment was rendered below, for plaintiffs and against defendants, for $2,067 97, with interest; both parties appealed.

The testimony and admissions of the parties established the material facts set up in the answer, and among others, that the plaintiffs had granted a complete discharge to the said acceptors as alleged.

On the 15th November, 1855, a dividend of 14 per cent. was paid by L. A. Finlay, syndic, and credited on each of said three bills; $177 45 on the bill of $2,112 30 accepted by the drawees; and $147 85 on each of the other two not accepted; various other subsequent payments, in all $746 44, were also made by said syndic, but not credited on the bills.

The defendants, who are sued as endorsers of said bills, contend that the discharge of the drawees and acceptors, by the plaintiffs, completely released them also as endorsers. But plaintiffs have attempted to show by a letter of the defendants, that this discharge had been granted under instructions and at the request of said defendants. This letter reads as follows:

"New Orleans, March 2d, 1855.

James Corry, Esq., Cashier Union, Nashville, Tenn.

Dear Sir :

Mr. Finlay, of the house of Matthews, Finlay & Co., called on us to say he was prepared to pay 40 per cent. on account of their drafts endorsed by us, drawn on Finlay, Kissam & Co., New York, and that as soon as the property of their house here was disposed of, they would make a further payment. We presume you will instruct your agents here to accept of this proposition, and, as a matter of course, we will be bound for the difference. * * * * * *

(Signed)     BULLITT, MILLER & Co.,

in liquidation."

We are of opinion that this letter cannot be construed as giving consent or instructions to plaintiffs to grant a discharge to the acceptors on their paying 40 per cent. on the draft endorsed by defendants, and that therefore the plaintiffs have lost all recourse against the defendants as endorsers upon the bill for $2,112 30. The plaintiffs now contend that all the payments made by L. A. Finlay, syndic, to the plaintiffs, should be imputed on the bill for $2,112 30, as being the one first due, and they rely on Art. 2162 C. C. Such proposition is unsustainable in this case; these payments were dividends distributed among the three bills of exchange; in cases of insolvency, all the ordinary debts, even those not due, C. C. Art. 2049, are on an equality, and must be paid proportionally.

After proper calculation and deduction of proportional payments (dividends), we have found a balance due plaintiffs on the two smaller bills, on the 24th November, 1859, of $1,967 80.

It is therefore ordered, adjudged and decreed, that the judgment of the District court be annulled and reversed. It is further ordered, adjudged and decreed, that the defendants pay in solido to plaintiffs the sum of nineteen hundred and sixty-seven dollars and eighty cents, with legal interest thereon from the 24th November, 1859, till paid, and costs of suit in the District court, and that plaintiffs pay the cost of this appeal.